UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KELLEY AVERY,<br><br>                    Plaintiff,<br>v.<br><br>SARAH GODLEWSKI, WARDEN CHERYL EPLETT, BRAD HOMPE, JEFFERY FREUND, EMIL TONEY, SHAWN TOOMBS, MATTHEW VAN ESS, REBECCA SCHAFER, and JOHN DOES 1-2,<br><br>                    Defendants. | Case No. 23-CV-1271-JPS<br><br>**ORDER** |

Plaintiff Kelley Avery, an inmate confined at Oshkosh Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

1. **MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On October 26, 2023, the Court ordered Plaintiff to pay an initial partial filing fee of $25.13. ECF No. 6. Plaintiff paid that fee on November 9, 2023. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2. **SCREENING THE COMPLAINT**

    2.1 **Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

On February 20, 2023, at approximately 8:45 p.m., Plaintiff and his cellmate, Javier Vargas, were ordered out of their cell and escorted to the day room. ECF No. 1 at 2. Defendant John Doe #1 and John Doe #2 led Plaintiff to the rear of Q-Building living center near the back exit door. Doe #1 ordered Plaintiff to step inside a staff restroom and told to disrobe so that an officer could conduct a visual inspection of Plaintiff's buttocks and genital area. *Id.* at 3. No contraband was discovered on Plaintiff or his cellmate. *Id.* Doe #1 escorted Plaintiff to the Unit Manager's Office and he was seated before Defendant Capt. Toombs ("Toombs). *Id.* Toombs told Plaintiff he was searched because one of the librarians told security that Plaintiff had possession of a flash drive. *Id.*

On February 21, 2023, Plaintiff returned to the library to speak to Defendant Matthew Van Ess ("Van Ess") about the strip search. Van Ess replied that Plaintiff should speak to a white shirt. *Id.* On March 16, 2023, Plaintiff wrote Security Director Defendant Emil Toney ("Toney") about the strip search policy. *Id.* Plaintiff believes the policy expressly prohibits being stripped. *Id.*

On February 28, 2023, Plaintiff filed an inmate complaint with Defendant Jeffrey Freund. *Id.* at 4. Plaintiff's complaint was dismissed, and Defendant Brad Hompe ("Hompe") dismissed his appeal. *Id.* Defendant Warden Cheryl Eplett upheld the dismissal of Plaintiff's complaint. *Id.* Defendant Sarah Godlewski, the Secretary of the Department of Corrections, accepted the final decision to dismiss Plaintiff's appeal. *Id.*

On May 11, 2023, Plaintiff was on his way to the library. *Id.* Defendant Bernard Kinnard ("Kinnard") had Plaintiff placed in temporary lock-up for not wearing his ID tag and for being so loud as to disrupt the normal operations. *Id.* at 4–5. It was known that Plaintiff was in pursuit of drafting a writ of certiorari for judicial review of the warden and secretary's decision. *Id.* at 5. Plaintiff was put in segregation for six days pending a hearing. *Id.* On May 17, 2023, Plaintiff was offered thirty-five days of building confinement and thirty days loss of dayroom. *Id.* Plaintiff did not sign the disposition paper, but instead made markings under duress so that he would be released from segregation to keep researching and drafting his writ to the court. *Id.*

Plaintiff was given permission to attend law library for three weeks until Van Ess called the unit manager, Ms. Beulen, complaining that Plaintiff should not have access. *Id.* Plaintiff was advised to contact the records office for approval. *Id.* On June 12, 2023, Ms. Feltes in the records office responded to Plaintiff's request. *Id.* Feltes told Plaintiff that he would need permission from the unit manager to attend law library. *Id.* Plaintiff had no other option to submit what he had already researched before his deadline expired. *Id.* Plaintiff had previously written the Winnebago Clerk of Court about his inability to make the deadline in light of the prison interference. *Id.* On June 19, 2023, a circuit court judge denied his writ for

failure to properly complete an affidavit of indigency. *Id.* at 6. Plaintiff filed a motion for reconsideration, but it was denied. *Id.*

### 2.3 Analysis

The Court finds that Plaintiff's complaint as alleged fails to state a claim for an unconstitutional strip search. The Eighth Amendment safeguards prisoners against searches that correctional officers subjectively intend as a form of punishment. *Henry v. Hulett*, 969 F.3d 769, 781 (7th Cir. 2020). A strip search of a prisoner violates the Eighth Amendment if its purpose is "maliciously motivated, unrelated to institutional security, and hence totally without penological justification." *Chatman v. Gossett*, 766 F. App'x 362, 364 (7th Cir. 2019) (quoting *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004)). A strip search is penologically justified when it is reasonably related to finding contraband that threatens the safety and security of the prison. *Id.* (citing *Peckham v. Wis. Dep't of Corr.*, 141 F.3d 694, 695, 697 (7th Cir. 1998)); *Del Raine v. Williford*, 32 F.3d 1024, 1029, 1041 (7th Cir. 1994)).

The Eighth Amendment focuses on the defendants' subjective state of mind. *Henry*, 969 F.3d at 781. But the Fourth Amendment focuses on objective reasonableness, and thus "a defendant's subjective state of mind is irrelevant to a court's Fourth Amendment analysis." *Id.* "The Fourth Amendment thus protects prisoners from searches that may be related to or serve some institutional objective, but where guards nevertheless perform the searches in an unreasonable manner, in an unreasonable place, or for an unreasonable purpose." *Id.* When evaluating a prisoner's claim involving a strip search under the Fourth Amendment, a court "must assess that search for its reasonableness, considering 'the scope of the particular

Page 5 of 11
Case 2:23-cv-01271-JPS    Filed 01/09/24    Page 5 of 11    Document 7

intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

Applying that standard here, Plaintiff's complaint does not contain sufficient factual allegations to suggest an unconstitutional search occurred. Plaintiff's allegations suggest that the search occurred as a result of a librarian believing Plaintiff possessed contraband. There are no facts to suggest that the search was maliciously motivated or unrelated to institutional security, in violation of the Eighth Amendment. Similarly, as currently pled, Plaintiff's allegations do not suggest that the Does conducted the search in an unreasonable manner or location, or for an unreasonable purpose, in violation of the Fourth Amendment. As such, the Court does not find that Plaintiff states a claim for an unconstitutional search.

Second, Plaintiff may not proceed on claims against Defendants Freund, Hompe, Eplett, and Godlewski. Plaintiff fails to state a claim against these defendants for their actions in relation to his inmate grievances. For a prison official to be personally liable, he or she must have participated in some way with the alleged constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.") (internal quotation marks and citation omitted); *see also Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Generally, the denial of a grievance "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "If there is 'no personal involvement by the warden

[in an inmate's medical care] outside the grievance process,' that is insufficient to state a claim against the warden." *Neely v. Randle*, No. 12 C 2231, 2013 WL 3321451, at *3 (N.D. Ill. June 13, 2013) (quoting *Gevas v. Mitchell*, 492 Fed. Appx. 654, 660 (7th Cir. 2012)). As such, the Court finds that Plaintiff fails to state a claim regarding the denial of his inmate complaints.

Finally, the Court finds that Plaintiff may not proceed on an access to courts claim. Plaintiff alleges that Defendants' denial of law library time prevented him access to the court. The Constitution guarantees prisoners a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996). But because that right is to access the *courts* rather than legal materials or law libraries, an inmate will not have a valid claim unless the prison authorities' conduct prejudiced a potentially meritorious challenge to his conviction, sentence, or conditions of confinement. *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

The point of recognizing an access to the courts claim "is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002). The constitutional right of access to court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415; *see also Lewis*, 518 U.S. at 353 (plaintiff must identify a "nonfrivolous," "arguable" underlying claim). Accordingly, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Harbury,* 536 U.S. at 415.

Here, Plaintiff's complaint does not meet the basic requirements for an access to courts claim. Although Plaintiff generally references that he was denied his "writ", the complaint does not provide any information about how Defendants' actions actually prejudiced a potentially meritorious claim. As such, Plaintiff may not proceed on an access to courts claim. If Plaintiff wishes to proceed on an access to court claim, he must submit an amended complaint with more detailed information regarding his specific case, why a claim was potentially meritorious, and the resulting injury.

The Court will allow Plaintiff the opportunity to file an amended complaint to address the deficiencies identified in this Order. Plaintiff may file an amended complaint on or before **January 30, 2024.** When writing his amended complaint, Plaintiff should provide the Court with enough facts to answers to the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Page 8 of 11
Case 2:23-cv-01271-JPS   Filed 01/09/24   Page 8 of 11   Document 7

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

3. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **January 30, 2024**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

Page 9 of 11
Case 2:23-cv-01271-JPS   Filed 01/09/24   Page 9 of 11   Document 7

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $324.87 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 9th day of January, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

> Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.