# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KELLEY AVERY,

                Plaintiff,

v.

WARDEN CHERYL EPLETT, SHAWN TOOMBS, MATTHEW VAN ESS, REBECCA SCHAFER, JOHN DOES 1-2, and SARAH FELTES,

                Defendants.

Case No. 23-CV-1271-JPS

**ORDER**

Plaintiff Kelley Avery, an inmate confined at Oshkosh Correctional Institution ("OCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On January 9, 2024, the Court screened Plaintiff's complaint, found that it failed to state a claim, and allowed him the opportunity to file an amended complaint. ECF No. 7. On February 23, 2024, Plaintiff filed an amended complaint. ECF No. 10. This Order resolves Plaintiff's motion for filing fees to be deducted from inmate's release account, ECF No. 11, and screens his amended complaint.

**1. MOTION FOR FILING FEES TO BE DEDUCTED FROM INMATE'S RELEASE ACCOUNT**

The Court will deny Plaintiff's motion for filing fees to be deducted from inmate's release account. This Court has the authority to order disbursements from a prisoner's release account for payment of an initial partial filing fee ("IPFF"). *See, e.g., Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002) (noting that "both the Wisconsin Prison Litigation Reform Act…and the federal Prison Litigation Reform Act [("PLRA")]…authorize

the courts to order that…a prisoner's release account be made available [to pay an IPFF]"). However, this Court lacks the authority—statutory or otherwise—to order that a prisoner may tap into his release account to pay current (or future) litigation costs. *Cf. Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (declining to order that a prisoner's full filing fee be paid from his release account, "[g]iven the [DOC's] rationale for segregating funds into a release account" and the absence of any statutory authority compelling the court to do so).

Permitting a prisoner to invade a release account for litigation costs could harm that prisoner's likelihood of success post-incarceration, *see* Wis. Admin. Code § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"), especially if the prisoner is particularly litigious. As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [her] legal actions is important enough to fund," *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003); thus, if a prisoner concludes that "the limitations on his funds prevent him from prosecuting [a] case with the full vigor he wishes to prosecute it, he is free to choose to dismiss it voluntarily and bring it at a later date." *Williams v. Berge*, No. 02-CV-10, 2002 WL 32350026, at *8 (W.D. Wis. Apr. 30, 2002). As such, the Court is obliged to deny Plaintiff's motion for filing fees to be deducted from his release account.

2. **SCREENING THE AMENDED COMPLAINT**

    2.1 **Federal Screening Standard**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff arrived at OCI on January 11, 2023, and became familiar with the institution's library policy and procedure. ECF No. 10 at 2. Plaintiff is allowed to purchase a 4GB memory stick from OCI's property department. *Id.* At all relevant times to this complaint, Plaintiff had an authorized flash drive maintained in a secure drawer at OCI's library. *Id.*

On February 20, 2023, at approximately 8:45 p.m., Plaintiff and his roommate were ordered out of their cell and escorted to the day room. *Id.* at 3. Defendant John Doe #1 and John Doe #2 led Plaintiff to the rear of Q-Building living center near the back exit door. *Id.* Doe #1 ordered Plaintiff to step inside a staff restroom and told to disrobe so that an officer could conduct a visual inspection of Plaintiff's naked body. *Id.* No contraband was discovered on Plaintiff or in his cell. *Id.* Doe #1 escorted Plaintiff to the Unit Manager's Office and he was seated before Defendant Capt. Toombs ("Toombs). *Id.* Toombs told Plaintiff he was searched because one of the librarians told security that Plaintiff had possession of an unauthorized flash drive. *Id.* at 4. Plaintiff believes that the search (in an area that was accessible to all staff at any time, including female and transgender staff) exposed Plaintiff to unnecessary shame, humiliation, degradation, and danger. *Id.* On March 16, 2023, Plaintiff wrote to Security Director Emil Toney seeking clarification about the policy. *Id.*

Plaintiff filed an inmate complaint regarding the incident, and it was denied "all the way to Madison." *Id.* Plaintiff sought judicial review of the conflicting policies and the unfounded strip search. *Id.* OCI library rules dictate that there is a difference between statute-driven deadlines and court-ordered deadlines. *Id.* Filing a writ of certiorari for an inmate

complaint is a statute-driven deadline and therefor Plaintiff would not qualify for extra law library time. *Id.*

Because Plaintiff had received a major conduct report with minor disposition penalties, Plaintiff was unable to attend regular library sessions. *Id.* at 5. Plaintiff attempted to get special permission from Defendant Sarah Feltes ("Feltes"), the library supervisor, to use the library. *Id.* Feltes responded that he would need to get permission from his living center's manager. *Id.* At the time, Plaintiff's manager was Ms. Buelen. *Id.* After speaking with Buelen about his request, Buelen denied Plaintiff's request for library time without penological reason. *Id.* Plaintiff had only forty-five days to file his writ for judicial review of the Secretary's decision regarding the strip search policy. *Id.*

On March 25, 2023, Plaintiff wrote a letter to the Winnebego County Clerk of Court expressing concerns about his deadline and asked for a thirty-day extension. *Id.* On May 31, 2023, the Clerk responded that the court did not have forms or instruction available for Plaintiff's request. *Id.* On June 19, 2023, a circuit court judge denied his writ for failure to properly complete an affidavit of indigency. *Id.* Plaintiff filed a motion for reconsideration, but it was denied. *Id.* Plaintiff believes his denial of access to the law library and law library materials caused him to lose an otherwise arguably meritorious claim. *Id.*

**2.3    Analysis**

The Court finds that Plaintiff's amended complaint as alleged fails to state a claim for an unconstitutional strip search. The Eighth Amendment safeguards prisoners against searches that correctional officers subjectively intend as a form of punishment. *Henry v. Hulett*, 969 F.3d 769, 781 (7th Cir. 2020). A strip search of a prisoner violates the Eighth Amendment if its

purpose is "maliciously motivated, unrelated to institutional security, and hence totally without penological justification." *Chatman v. Gossett*, 766 F. App'x 362, 364 (7th Cir. 2019) (quoting *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004)). A strip search is penologically justified when it is reasonably related to finding contraband that threatens the safety and security of the prison. *Id.* (citing *Peckham v. Wis. Dep't of Corr.*, 141 F.3d 694, 695, 697 (7th Cir. 1998)); *Del Raine v. Williford*, 32 F.3d 1024, 1029, 1041 (7th Cir. 1994)).

The Eighth Amendment focuses on the defendants' subjective state of mind. *Henry*, 969 F.3d at 781. But the Fourth Amendment focuses on objective reasonableness, and thus "a defendant's subjective state of mind is irrelevant to a court's Fourth Amendment analysis." *Id.* "The Fourth Amendment thus protects prisoners from searches that may be related to or serve some institutional objective, but where guards nevertheless perform the searches in an unreasonable manner, in an unreasonable place, or for an unreasonable purpose." *Id.* When evaluating a prisoner's claim involving a strip search under the Fourth Amendment, a court "must assess that search for its reasonableness, considering 'the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

Applying that standard here, Plaintiff's amended complaint does not contain sufficient factual allegations to suggest an unconstitutional search occurred. Plaintiff's allegations suggest that the search occurred as a result of a librarian believing Plaintiff possessed contraband. There are no facts to suggest that the search was maliciously motivated or unrelated to institutional security, in violation of the Eighth Amendment. Similarly, as currently pled, Plaintiff's allegations do not suggest that the Does

conducted the search in an unreasonable manner or location, or for an unreasonable purpose, in violation of the Fourth Amendment. Finally, while Plaintiff alleges that the search occurred in a place where other women and/or transgender staff *could* have witnessed the search, he does not suggest that anyone actually did witness the search. As such, the Court does not find that Plaintiff states a claim for an unconstitutional search.

Second, Plaintiff may not proceed on claims against Defendant Eplett. For a prison official to be personally liable, he or she must have participated in some way with the alleged constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.") (internal quotation marks and citation omitted); *see also Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Generally, the denial of a grievance "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "If there is 'no personal involvement by the warden [in an inmate's medical care] outside the grievance process,' that is insufficient to state a claim against the warden." *Neely v. Randle*, No. 12 C 2231, 2013 WL 3321451, at *3 (N.D. Ill. June 13, 2013) (quoting *Gevas v. Mitchell*, 492 Fed. Appx. 654, 660 (7th Cir. 2012)). As such, the Court finds that Plaintiff fails to state a claim regarding the denial of his inmate complaints.

Finally, the Court finds that Plaintiff may not proceed on an access to courts claim. Plaintiff alleges that Defendants' denial of law library time prevented him access to the court. The Constitution guarantees prisoners a

right of access to the courts. *Lewis v. Casey,* 518 U.S. 343, 350–51 (1996). But because that right is to access the *courts* rather than legal materials or law libraries, an inmate will not have a valid claim unless the prison authorities' conduct prejudiced a potentially meritorious challenge to his conviction, sentence, or conditions of confinement. *Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir. 2009); *Bridges v. Gilbert,* 557 F.3d 541, 553 (7th Cir. 2009); *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006).

The point of recognizing an access to the courts claim "is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." *Christopher v. Harbury,* 536 U.S. 403, 414–15 (2002). The constitutional right of access to court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Id.* at 415; *see also Lewis,* 518 U.S. at 353 (plaintiff must identify a "nonfrivolous," "arguable" underlying claim). Accordingly, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Harbury,* 536 U.S. at 415.

Here, Plaintiff's amended complaint does not meet the basic requirements for an access to courts claim. Although Plaintiff generally references that he was denied his writ, the amended complaint does not provide any information about how Defendants' actions actually prejudiced a potentially meritorious claim. Plaintiff alleges that the writ was denied for failure to properly complete an affidavit of indigency, and it is unclear to the Court why access to the library would be necessary for such a task. As such, the Court finds that Plaintiff may not proceed on an access to courts claim.

### 3. CONCLUSION

In sum, the Court finds that the amended complaint fails to state a claim upon which relief may be granted. Plaintiff was already provided the opportunity to amend his complaint based on the Court's guidance in the initial screening order, and he failed to amend his factual allegations in any meaningful way. The Court therefore finds that further amendment would be futile. *See Runnion ex rel. Runnion v Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). As such, the Court is obliged to dismiss this action for the failure to state a claim and will accordingly assess a "strike" under 28 U.S.C. § 1915(g).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for filing fees to be deducted from inmate's release account, ECF No. 11, be and the same is hereby **DENIED**;

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the failure to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2024.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.